UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GREAT NORTHERN INSURANCE :
COMPANY, as subrogee of EDWARD M. :
FULLER and KELLEY G. FULLER, :
    Plaintiff, :
 :
v. : 3:08-cv-511 (WWE)
 :
DAYTON ELECTRIC MANUFACTURING, :
CO., EMERSON ELECTRIC CO. and :
W.W. GRAINGER INC., :
    Defendants. :

### RULING ON DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR ANSWER

Defendants Emerson Electric Company ("Emerson") and W.W. Grainger, Inc. ("Grainger") move (Doc. #40) the Court for leave to amend their answer to assert an affirmative defense under section 52-577a of the Connecticut General Statutes.[1]  For the reasons that follow, the Court will grant defendants' motion.

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### BACKGROUND

For purposes of ruling on defendants' motion, the Court construes all the facts of the complaint as true.

---

[1] Section 52-577a(a) reads, in pertinent part, that:

> No product liability claim ... shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered, except that ... no such action may be brought against any party ... later than ten years from the date that the party last parted with possession or control of the product.

1

Plaintiff Great Northern Insurance Company, as subrogee of Edward M. Fuller and Kelley G. Fuller, commenced this action with the filing of a complaint on April 4, 2008.  In its complaint, plaintiff alleged that, prior to June 15, 2006, the Fullers purchased a home in Darien, Connecticut, which included a Dayton Model 3C153A electrically-powered whole-house attic fan.  On June 15, 2006, while the Fullers were away from the house, a fire occurred in the attic of the house.  Plaintiff alleges that the fire started due to a defect and malfunction in the fan's electric motor.  At the time of the fire, the fan and its component parts had not exceeded their respective useful safe lives.  As a result of the fire, the Fullers sustained damage to their real and personal property and incurred additional damages in excess of $75,000.  The fan and its motor were designed, manufactured, assembled, sold and distributed by defendants Dayton Electric Manufacturing, Co., Emerson and Grainger.

On July 21, 2008, following several extensions of time, defendants filed a joint answer (Doc. #23).  In their answer, defendants asserted five affirmative defenses, none of which were asserted under section 52-577a.  In the parties' Report of their Rule 26(f) Planning Meeting (Doc. #24), they agreed that defendants would have until October 15, 2008 to file motions to join additional parties and until August 15, 2008 to file a response to the complaint.  Defendants set forth their affirmative defenses, none of which were asserted under section 52-577a.

Defendants Emerson and Grainger now move to amend their complaint to assert an affirmative defense under section 52-577a.[2]

---

[2] As noted in defendants' motion, by stipulation dated November 11, 2009, which was not filed with the Court, plaintiff discontinued this action as to Dayton.

**DISCUSSION**

A "party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a).  Leave to amend an answer shall be freely given when justice so requires, and if the defendants have at least colorable grounds for relief, justice does so require unless they are guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party.  S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Hous. Dev. Fund Co., Inc., 608 F.2d 28, 42 (2d Cir. 1979) (addressing leave to amend complaint).  Lack of diligence, futility and prejudice are among the good reasons to deny leave to amend an answer. Chill v. Gen. Elec. Co., 101 F.3d 263, 271 (2d Cir. 1996) (addressing leave to amend complaint); see also Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 235 (2d Cir. 1995) (stating that leave to amend answer should be granted absent a showing of prejudice or bad faith).

Defendants assert they have learned during discovery, specifically while deposing the Fullers and the home's prior owners, that the fan and motor were installed prior to 1992.  Upon learning this information, the provisions of section 52-577a became relevant to their defense in this case, and they filed the instant motion.

Defendants deposed the Fullers on September 18, 2009 and the other former owners in January and February 2010.  On February 10, 2010, the Court held a status conference during which defendants did not state the need to amend their complaint. Plaintiff argues that defendants knew by August 2006 the date the fan was manufactured following inspections of the evidence by consultants retained by defendants who concluded that the fan and motor were manufactured between 1984

3

and 1990.  In addition, defendant Emerson served discovery responses on April 3, 2009 identifying the fan as being manufactured between 1985 and 1990, and a corporate designee of Emerson testified on June 24, 2009 that he was able to determine that the fan was manufactured between 1985 and 1991.  Another corporate designee testified on June 25, 2009 that the motor was manufactured in 1991.

Plaintiff argues that they will be prejudiced by an amended answer because the parties have concluded factual discovery and exchanged expert reports and the case is almost trial-ready.  They further assert that allowing defendants to amend their answer at this stage would undermine the purpose of the scheduling orders.

The language of section 52-577a(a) removes liability from a defendant once ten years has passed since the defendant "last parted with possession or control of the product."  Plaintiff's reliance on when defendants found out when the fan and motor were manufactured is thus misplaced.  Defendants may have found out long ago when they manufactured the fan and its motor.  Without knowing when these items left their possession and control, however, the date of manufacture is irrelevant to a section 52-577(a) defense.

Given the evidence before the Court at this time, the Court sees no undue delay in defendants' motion at this time.  Further, although granting leave to amend may impair plaintiff's ability to recover in this action, plaintiff does not point out sufficient prejudice that has arisen because of defendants' delay.  The Court recognizes that plaintiff may have expended significant resources in this action that may go to waste should defendants succeed in defending this action on the basis of section 52-577a.  This fact does not demonstrate prejudice as that term is used in the case law.

4

In light of the lack of prejudice to plaintiff and bad faith on the part of defendants, the Court will grant defendants' motion and permit them to amend their answer. Should plaintiff require more time to conduct discovery in this matter as a result of defendants' amendment, they should so move the Court.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for leave to amend their answer (Doc. #40). Defendants are instructed to file their amended answer within seven days of the filing of this ruling. The parties are instructed to file a stipulation dismissing all claims against defendant Dayton pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii).

Dated at Bridgeport, Connecticut, this 27th day of April, 2010.

/s/
Warren W. Eginton
Senior United States District Judge